IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JOHNNIE T. ARCHER                                        PLAINTIFF

v.                          No. 3:17-cv-46-DPM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                        DEFENDANT

## ORDER

Archer, an Arkansawyer, was injured in a car wreck in Alabama. Bennett, her friend and an Alabamian, was driving and caused the wreck. They were on an errand for Archer, going to pick up her son. Archer asked Bennett's insurer (State Farm) to pay her medical bills. The company declined: "Our insured[,]" meaning Bennett, "was negligent since she failed to yield right of way to the other driver. However, there was no gross negligence in this case and because of the guest passenger statute we will not be able to consider this request." № 10-1. Alabama's statute says that a vehicle operator such as Bennett "shall not be liable for loss or damage arising from injuries to . . . a guest while being transported without payment" in the vehicle unless the operator caused the injuries by "willful or wanton misconduct[.]" Ala. Code § 32-1-2. Alabama law makes clear that willful and wanton misconduct is more than negligence; it requires some degree of culpability or intent. *George v. Champion Ins. Co.*, 591 So.2d 852, 854

(Ala. 1991). Here, Archer has sued State Farm—who also provides her automobile coverage—seeking uninsured benefits under her policy for her injuries in these circumstances.

She's entitled to those benefits as a matter of law. State Farm promised Archer to "pay compensatory damages for bodily injury an insured is *legally entitled* to recover from the owner or driver of an *uninsured motor vehicle*." № 10-2 at 17. The Court must construe the two italicized phrases. Their plain meaning controls. *Western World Ins. Co. v. Branch*, 332 Ark. 427, 430, 965 S.W.2d 760, 761 (1998). And if there's any ambiguity, the Court must resolve it in Archer's favor. *Ibid.*

Contrary to State Farm's argument, Alabama's guest statute does not answer whether Archer has a legal entitlement to recover uninsured benefits. Arkansas law is clear and long settled. "It is generally held that the policy requirement that the insured 'be legally entitled to recover' from the uninsured motorist is intended only to require a showing of fault on the part of the latter." *Hettel v. Rye*, 251 Ark. 868, 869–70, 475 S.W.2d 536, 537–38 (1972) (George Rose Smith, J.). Bennett was at fault for this accident. Alabama's guest statute is like the probate stumble in *Hettel*, and the limitations and *res judicata* bars discussed in that case. As Archer argues, the guest statute is also like the worker's compensation exclusive-remedy provision at work in *Southern Farm Bureau Cas. Co. v. Pettie*, 54 Ark. App. 79, 87–88, 924 S.W.2d 828, 832 (1996). Each legal circumstance eliminated the

claim against the driver, but didn't address the driver's fault, and thus didn't answer the uninsured-coverage question.

Was Bennett's vehicle an uninsured motor vehicle within the meaning of Archer's State Farm policy? Yes. The policy covers a vehicle that is insured "for bodily injury liability at the time of the accident[,] but . . . the insuring company . . . denies that its policy provides liability coverage for compensatory damages that result from the accident[.]" № 10-2 at 16. That's what happened here. State Farm insured Bennett's vehicle at the time of the accident. And the company denied Archer's claim for medical bills based on Alabama's guest statute. Bennett's vehicle therefore counts as an uninsured motor vehicle under Archer's State Farm policy.

At first glance, the policy's *legally entitled* term is a bit murky. *Hettel*, though, removed any ambiguity about what this contract term means under Arkansas law. The *uninsured motor vehicle* term is clear, not murky. Archer is entitled to judgment on liability. State Farm is not. The Court requests the parties to confer on damages and file a joint report by 30 March 2018. Do the parties need a trial in September?

\*     \*     \*

Cross-motion for partial summary judgment, № 15, granted. Motion for summary judgment, № 10, denied.

So Ordered.

_DP Marshall Jr._
D.P. Marshall Jr.
United States District Judge

_27 February 2018_